**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:18CV-P744-JHM**

ZACKERY TYLER MINGS-RUCKER                                                                      PLAINTIFF

v.

HCDC JAIL *et al.*                                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zackery Tyler Mings-Rucker filed the instant *pro se* 42 U.S.C. § 1983 action

proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint

pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of

Plaintiff's claims and allow one claim to proceed for further development.

**I.**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Plaintiff states that he is a convicted inmate at the Hardin County Detention Center (HCDC). He sues HCDC; Micheal Gunter, identified as a corporal at HCDC; and Danny Allen, the HCDC Jailer. He sues Defendant Gunter in his individual and official capacities. He does not state in which capacity he sues Defendant Allen. Construing the complaint broadly, as the Court is required to do at this stage, the Court construes the complaint as suing Defendant Allen in both his individual and official capacities.

### *Individual-capacity claim against Defendant Gunter*

Plaintiff alleges that an incident occurred on September 3, 2018, where he was subjected to excessive force by Defendant Gunter resulting in serious injuries. The Court construes the allegations as alleging excessive force in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause.

Upon review, the Court will allow Plaintiff's Eighth Amendment claim for excessive force to proceed against Defendant Gunter in his individual capacity. In allowing the claim to proceed, the Court passes no judgment on its merit or ultimate outcome.

*Individual-capacity claim against Defendant Allen*

Plaintiff names Jailer Allen as a Defendant but does not make any reference to him in his statement of the claim. The Court, therefore, construes the complaint as suing Defendant Allen in his role as supervisor of Defendant Gunter. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

The complaint makes no reference to Defendant Allen and therefore fails to demonstrate that he encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Accordingly, the individual-capacity claim against Defendant Allen will be dismissed for failure to state a claim upon which relief may be granted.

*Official capacity claims and claim against HCDC*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165

(1985) (quoting *Monell*, 436 U.S. at 691).  Suing employees in their official capacities is the equivalent of suing their employer.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990).  Therefore, the Court construes Plaintiff's official-capacity claims against Defendants Gunter and Allen as brought against their employer, Hardin County.

In addition, Defendant HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, Hardin County is the proper defendant.  *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503.  The Court will therefore construe the claim against HCDC as a claim against Hardin County, as well.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  Under the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that Defendant Gunter subjected him to excessive force. However, he does not allege that his actions occurred as a result of a policy or custom implemented or endorsed by Hardin County. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims against Defendants Gunter and Allen and claim against HCDC will be dismissed for failure to state a claim upon which relief may be granted.

### *Other statements*

The Court observes that, in addition to describing the incident of excessive force, Plaintiff describes ongoing pain he is experiencing and states that he does not believe that he is receiving proper medical care. However, Plaintiff does not name any medical personnel as a Defendant or give any indication that Defendant Gunter or Allen are responsible for denying him proper medical care. The Court, therefore, does not construe the complaint as alleging a separate claim for deliberate indifference to his serious medical needs.

Moreover, Plaintiff also alleges that "they have wrote me up for this incedent, that wasn't even my fault." He states, "Due to the write up it will be another 60 days before I can reapply for SAP program, which would have assited with my rehabilitation, so I can better myself. My parole eligibility could be in question . . . ." Again, it is unclear if Plaintiff is attempting to assert a separate claim based on these allegations, but he does not name any individual whom he

believes is responsible for the write-up. Therefore, the Court does not construe the complaint as alleging a separate claim based on these allegations.

If Plaintiff intends to assert separate claims based on the above statements, he may file an amended complaint naming the specific individuals whom he alleges violated his rights and describing how each individual allegedly did so.

## III.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's individual-capacity claim against Defendant Allen, his claim against HCDC, and his official-capacity claims against Defendants Gunter and Allen are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claim that has been permitted to proceed.

Date:     January 7, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Hardin County Attorney
4414.010

6